Susan S. Brown (CA State Bar No. 287986)
**SUSAN BROWN LEGAL SERVICES**
388 Market Street, Suite 1300
San Francisco, CA 94111
Phone: (415) 712-3026
susan@susanbrownlegal.com

Kevin Laukaitis*
**LAUKAITIS LAW FIRM LLC**
737 Bainbridge Street, #155
Philadelphia, PA 19147
Phone: (215) 789-4462
E-mail: klaukaitis@laukaitislaw.com

Paul J. Doolittle*
Blake G. Abbott*
**POULIN | WILLEY |
ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 843-614-8888
Email: pauld@akimlawfirm.com
        blake@akimlawfirm.com

*Pro Hac Vice Forthcoming*

***Attorneys for Plaintiff
and the Putative Class***

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PEARL TABOT, individually and on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| BISSELL HOMECARE, INC., d/b/a BISSELL HOMECARE, d/b/a BISSELL, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Pearl Tabot ("Plaintiff") brings this class action complaint, individually and on behalf of all persons in the United States who purchased any BISSELL vacuum with the following model numbers: 2551, 2551W, and 25519. These vacuums are referred to as the "Cordless Multi-Surface Wet Dry Vacuums." (collectively, "Class Vacuums" or "Vacuums").[1] The BISSELL Vacuums are widely sold and mass-marketed consumer vacuums. Unfortunately for consumers, the Vacuums contain a defect in which they overheat, smoke, and catch fire (or pose a serious risk of catching fire) during ordinary use ("Fire Defect" or "Defect"). Therefore, the Class Vacuums are dangerous and unsuitable for their intended use. This class action seeks monetary and injunctive relief on behalf of Plaintiff and a class of purchases of the Products, as defined below. ("Class").

Plaintiff alleges as follows:

**INTRODUCTION**

1.      Defendant BISSELL Homecare, Inc. ("BISSELL") has produced and sold floor cleaning devices since 1876 and is the leading brand in the floor cleaning device industry.[2]

2.      BISSELL, in reference to itself, states: "We know the peace of mind that comes with having a clean home for those you hold closest to your heart, whether they have two legs or four."[3]

3.      For nearly 150 years, BISSELL has undoubtedly built itself up as a brand consumers trust and rely on when purchasing vacuums.

4.      Despite this longstanding history and promises made to consumers that using its Vacuums leads to peace of mind, BISSELL has failed to ensure the basic safety of its Vacuums.

5.      Indeed, BISSELL Vacuums contain faulty battery systems, faulty circuit boards, and/or other faulty electronic components that cause the Defect.

6.      Had Plaintiff, and all reasonable consumers, known that the Vacuums contained the Defect, they would not have purchased the Vacuums or would have paid significantly less for them.

---

[1] National Desk Staff, BISSELL RECALLS 61,000 CORDLESS WET DRY VACUUM OVER FIRE RISK KOAT (2023), https://www.koat.com/article/BISSELL-recall-cordless-wet-dry-vacuum/42562112 (last visited Jan 25, 2023). Plaintiff reserves the right to amend the definition of the "Class Vacuums" that are subject to this Complaint based on facts obtained during discovery.
[2] Our History, BISSELL.COM, https://www.BISSELL.com/about-us/our-history.html (last visited Jan 25, 2023).
[3] https://www.BISSELL.com/about-us.html

- 1 -

CLASS ACTION COMPLAINT                                     Case No.

7.    BISSELL also has a duty to manufacture and sell vacuums that are safe for ordinary consumer use, but BISSELL has violated that duty.

8.    Additionally, BISSELL has failed to warn of the fire risk the Vacuums present. BISSELL did not include warnings of such sudden flammability anywhere on its Vacuums' labeling or product packaging.

9.    As such, Plaintiff brings claims against BISSELL for negligence, unjust enrichment, fraud, and violations of state consumer protection laws.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are more than 100 members in the proposed Class. At least one class member is a citizen of a state different from Defendant.

11.    This Court has personal jurisdiction over Defendant because it regularly conducts business in California, has sufficient minimum contacts in California, and intentionally avails itself of this jurisdiction by marketing and selling products, including the Vacuums, in California and by accepting and processing payments for those products within California.

12.    Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this District. Defendant caused harm to Plaintiff and the Class Members through its actions regarding the Defective Vacuums in this District. And, Plaintiff resides in this District making venue proper.

## INTRADISTRICT ASSIGNMENT

13.    Pursuant to Civil Local Rule 3-2(c-d), a substantial part of the events giving rise to the claims herein arose in San Francisco, California, and this action should be assigned to the San Francisco (or Oakland) Division.

CLASS ACTION COMPLAINT                                    Case No.

1

## PARTIES

2      *Plaintiff*

3          14.    Plaintiff Pearl Tabot is a resident and citizen of California, residing in Hayward,

4      California.

5          15.    Plaintiff purchased BISSELL's Cordless Multi-Surface Wet Dry Vacuum Model

6      25519 for personal, family, or household use and not for resale. Plaintiff purchased the Vacuum in

7      approximately 2021 or 2022.

8          16.    Safely maintaining or improving a home, car, or other similar item's condition was a

9      material factor in Plaintiff's and all reasonable consumers' decision to purchase Defendant's Vacuum.

10         17.    Plaintiff believed that the Vacuum would safely maintain or improve their home, car,

11     or other similar item's condition.

12         18.    When purchasing the Vacuum, Plaintiff read and reviewed the accompanying labels

13     and disclosures and understood them as representations by Defendant that the Vacuums were

14     adequately manufactured, labeled, free from defects, and that the Vacuums were safe and effective to

15     use during regular use. Plaintiff read and relied on Defendant's representations and/or omissions when

16     deciding to purchase the Vacuums, and these representations were part of the basis of the bargain. Had

17     Defendant not made the false, misleading, and deceptive representations and omissions alleged herein

18     regarding the Vacuums, Plaintiff would not have been willing to purchase the Vacuums. Plaintiff paid

19     a price premium for the Vacuum based on Defendant's representations, and material omissions.

20     Accordingly, Plaintiff was injured and lost money due to Defendant's mislabeling and deceptive

21     conduct regarding the Defective Vacuums.

22         19.    The Vacuum came with no warning, advertisement, or other methods of giving proper

23     consumer notice relating to the Defect contained in the Vacuum. Had Plaintiff known of this Defect,

24     she would not have purchased the Vacuum or would have paid less for the Vacuum.

25         20.    At all times herein relevant, Plaintiff is and was a member of each Class defined below.

26

27

28

CLASS ACTION COMPLAINT                              Case No.

*Defendant*

21.    Defendant BISSELL Homecare, Inc. is a 147-year-old cleaning device company. BISSELL is the number one manufacturer of floor care products in North America, holding 20% of the market share in the industry. BISSELL has created, designed, marketed, and sold floor cleaning devices since 1876.[4]

22.    BISSELL is a privately held Michigan corporation with its headquarters in Grand Rapids, Michigan, at 2345 Walker Ave NW Grand Rapids, MI, 49544-259.

23.    At all times relevant, as demonstrated above, BISSELL has created, designed, marketed, and sold floor cleaning devices to consumers nationwide, including in California.

24.    To sell vacuums to the general public, Defendant has sold directly to consumers and using third-party retailers online and in-store.

25.    Defendant BISSELL designs and produces the handbooks, manuals, packaging, warning labels, and all other similarly relevant publications regarding the devices it markets and sells.

26.    The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such responsible parties when their identities become known.

## COMMON FACTUAL ALLEGATIONS

*BISSELL Sells the Vacuums at a Price Premium*

27.    BISSELL sells the Vacuums at Walmart stores nationwide and online at www.bissell.com, www.walmart.com, www.qvc.com, www.amazon.com, www.costco.com, www.fingerhut.com, www.acehardware.com, www.kohls.com, and www.wayfair.com from January 2019 through November 2022 for about $360.

---

[4] Nancy Crawley | The Grand Rapids Press, SUCCESS OF BISSELL IS MODEL FOR SUCCEEDING IN MICHIGAN, INSTEAD OF ABANDONING STATE MLIVE (2010), https://www.mlive.com/business/west-michigan/2010/01/success_of_BISSELL_is_model_fo.html (last visited Jan 25, 2023).

CLASS ACTION COMPLAINT                    Case No.

28.     Other comparable vacuums sell for as low as under $100, making the BISSELL Vacuums premium-priced products.[5]

***BISSELL'S Misrepresentations and Material Omissions Regarding the Safety of the Vacuums***

29.     BISSELL's long-standing reputation is why it is able to charge a price premium for its Vacuums.

30.     Specifically, as to the Vacuums at issue in this case, BISSELL makes the following representations, including express promises that the Vacuums are safe to use:

- "Multi-Surface Cleaning. **Safe** for tile, sealed wood floors, laminate, linoleum, rubber floor mats, pressed wood floors, area rugs, and more."[6] (emphasis added)

- "**Safe and effective** for use on tile, sealed wood floors, vinyl, laminate, linoleum, rubber floor mats, pressed wood floors, and more."[7] (emphasis added)

- "Get over 25 minutes of cordless run time thanks to the powerful 36-vold lithium-ion built-in battery."[8]

- "Perfect for use on all hard-sealed floor types: tile, sealed wood floors, carpet, rugs, laminate, linoleum, rubber floor mats, pressed wood floors, and more."[9]

31.     All of BISSELL's representations are false and misleading because the Vacuums contain a Defect rendering the Vacuums unsafe and ineffective to use on any surface.

32.     BISSELL makes these false and misleading statements to induce Plaintiff and all reasonable consumers to purchase the Vacuums at a price premium.

33.     Plaintiff and Class Members read and relied on BISSELL's representations when purchasing the Vacuums.

34.     Moreover, BISSELL omitted from the Vacuums' marketing and labeling that the Vacuums posed a safety risk caused by the Defect.

---

[5] Plaintiff's price premium damages analysis will be conducted by an expert at the appropriate time in discovery.
[6] https://www.bissell.com/crosswave-cordless-multi-surface-wet-dry-vac-2551.html
[7] Id.
[8] Id.
[9] Id.

CLASS ACTION COMPLAINT                                        Case No.

35. The safety of a vacuum is a material fact to Plaintiff and all reasonable consumers' decision to purchase a vacuum, including the BISSELL Vacuums.

36. Had Plaintiff and Class Members known that the BISSELL Vacuums contained the Defect and/or posed a serious safety risk during regular use, Plaintiff and Class Members would not have purchased the Vacuums or would have paid less for them.

37. Therefore, based on BISSELL's misrepresentations and omissions, Plaintiff and the Class purchased the Vacuums.

***BISSELL Knows the Vacuums Contain a Defect and Are Unsafe to Use***

38. Despite BISSELL's promises that its Vacuums are safe and effective to use, the Vacuums contain the Defect so serious that even BISSELL itself commands consumers to "immediately stop using the vacuum."[10]

39. According to the Consumer Product Safety Commission ("CPSC"), "The circuit board inside the [V]acuum's battery pack can overheat and smoke, posing a fire hazard."[11]

40. Worse yet, according to the CPSC, "BISSELL has received 66 reports of the vacuum smoking and emitting a burning odor; including five reports of the battery pack catching on fire, three of which resulted in minor property damage and one resulting in a burn injury."[12]

41. No reasonable consumer, including Plaintiff and Class Members, would have purchased Defendant's Vacuum had they known the Vacuum would contain the Defect – and possibly smoke, catch fire and/or cause damage to other property.

42. Moreover, no reasonable consumer, including Plaintiff and Class Members, can trust BISSELL when it claims that a replacement battery fixes the Defect. Moreover, details of the recall are very limited, so consumers are left in the dark as to what is really going on with these Vacuums.

43. As an industry leader in cleaning devices, including Vacuums, BISSELL knew or should have known of the Defect in the Vacuums.

---

[10] https://support.bissell.com/app/crosswave-cordless-safety-recall
[11] https://www.cpsc.gov/Recalls/2023/BISSELL-Recalls-Cordless-Multi-Surface-Wet-Dry-Vacuums-Due-to-Fire-Hazard
[12] Id.

- 6 -

44.    Even basic product testing and inspection would have revealed the Defect before BISSELL injected the Vacuums into the hands of reasonable consumers, including Plaintiff and Class Members. But clearly, BISSELL failed to adequately test or inspect the Vacuums based on BISSELL's recall.

***The Recall Is Inadequate***

45.    On January 12, 2023, BISSELL recalled the Vacuums.[13]

46.    According to BISSELL, "[T]he safety of our consumers is our top priority."[14]

47.    BISSELL advises consumers to "immediately stop using the vacuum."[15]

48.    Defendant also advises that consumers "can receive a free battery pack replacement by visiting their nearest BISSELL Authorized Service Center with their vacuum or by contacting BISSELL to schedule a free in-home repair visit from an authorized BISSELL service technician to replace the existing battery pack inside the vacuum."[16]

49.    BISSELL also makes clear that, "All repairs require a BISSELL Authorized Service technician. Do not repair the product yourself."[17]

50.    BISSELL's recall is wholly inadequate.

51.    First, the recall has been announced on BISSELL's website, and upon information and belief, consumers, including Plaintiff and Class Members, never received direct notice of the recall.

52.    The result of the above recall notice is that consumers continue to use the Vacuums – unaware of the serious Defect contained in the Vacuums.

53.    Further, obtaining the relief provided by the recall is burdensome for Plaintiff and Class Members because the only purported "repair" offered by BISSELL requires visiting or scheduling an in-home service visit with an authorized service technician.

54.    Given the seriousness of the Defect, all reasonable consumers including Plaintiff and Class Members, simply cannot be certain that replacing a battery pack will remedy the defect.

---

[13] https://support.bissell.com/app/crosswave-cordless-safety-recall
[14] Id.
[15] Id.
[16] Id.
[17] Id.

CLASS ACTION COMPLAINT                                    Case No.

55.     As such, even if consumers go through BISSELL's burdensome recall process and obtain a new battery pack, consumers, including Plaintiff, will continue to face a serious safety risk by using the Vacuums.

56.     No reasonable consumer who paid a price premium for the Vacuums would know or even expect that such highly priced vacuums would contain a Defect rending the Vacuums unsafe to use as intended.

57.     Plaintiff seeks to hold Defendant responsible for the harm it caused and will continue to cause Plaintiff and other similarly situated persons who purchased BISSELL Vacuums ("Class Members").[18]

58.     Had Plaintiff, and all reasonable consumers, known that the Vacuums contained the Defect, they would not have purchased the Vacuums or paid less for them.

59.     BISSELL has a duty to manufacture and sell vacuums that are safe and operate for ordinary consumer use, which BISSELL has failed to do.

60.     Additionally, BISSELL has failed to warn of the fire risk the Vacuums present. BISSELL did not include warnings of such sudden flammability during normal use anywhere on its Vacuums labeling or product packaging.

61.     As such, Plaintiff brings claims against BISSELL for negligence, unjust enrichment, fraud, and state consumer protection laws.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and the following classes/subclass(es) (collectively, the "Class"):

**Nationwide Class**: All individuals within the United States of America who purchased a BISSELL Vacuum for personal use and not resale during the fullest period allowed by law.

---

[18] The definition of the Class Members is provided below.

CLASS ACTION COMPLAINT                          Case No.

**California Subclass**: All individuals within the State of California who purchased a BISSELL Vacuum for personal use and not resale during the fullest period allowed by law.

63.     Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including but not limited to any departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions and all judges assigned to hear any aspect of this litigation, as well as its immediate family members. **Moreover, individuals who allege or suffer personal injury are excluded from the Class or any Subclass alleged in this Complaint.**

64.     Also, in the alternative, Plaintiff requests additional Subclasses as necessary based on additional information obtained during this case. Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

65.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

66.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is at least approximately 60,000 individuals[19]. Membership in the classes will be determined by analysis of Defendant's records.

67.     Commonality: Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

---

[19]    https://www.cpsc.gov/Recalls/2023/BISSELL-Recalls-Cordless-Multi-Surface-Wet-Dry-Vacuums-Due-to-Fire-Hazard

- 9 -

a.)    Whether the Vacuums contain the Defect;

b.)    Whether the Vacuums contain a design defect and/or a defect in material, manufacturing, or workmanship;

c.)    Whether Defendant BISSELL knew, or should have known, about the Defect, and, if so, how long Defendant BISSELL knew of such defect;

d.)    Whether Defendant BISSELL misrepresented or omitted material facts, including whether or not the Vacuums suffered from the Defect;

e.)    Whether Defendant BISSELL made such misrepresentations and omissions knowingly or intentionally;

f.)    Whether BISSELL made material misrepresentations or omissions concerning the standard, quality, or grade of the Vacuums;

g.)    Whether Defendant BISSELL was negligent in its production, planning, design and/or sale of the Vacuums;

h.)    Whether BISSELL's conduct alleged herein is deceptive;

i.)    Whether BISSELL has violated applicable state consumer protection statutes alleged herein;

j.)    Whether Defendant has been unjustly enriched; and

k.)    Whether Plaintiff and the proposed Class are entitled to damages, restitution, as well as equitable, injunctive, or any other relief.

68.    Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein, regarding the Vacuums containing the Defect.

69.    Adequacy of Representation: Plaintiff in this class action is an adequate representative of each of the Classes in that the Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to the vigorous prosecution of this case, and has retained competent counsel who are experienced in conducting litigation of this nature. Plaintiff is not subject to any individual

defenses unique from those conceivably applicable to other Class Members or the classes in its entirety. Plaintiff anticipates no management difficulties in this litigation.

70.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

71.    This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in its entirety. Defendant's conduct herein applies to and affects Class Members uniformly, and Plaintiff's challenge of this conduct hinges on Defendant's conduct with respect to the Class in its entirety, not on facts or law applicable only to Plaintiff.

72.    Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly manufacture and sell the Vacuums of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

73.    Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

CLASS ACTION COMPLAINT                    Case No.

**CAUSES OF ACTION**

**COUNT I**

**NEGLIGENCE**
**(On behalf of the Nationwide Class, or alternatively,**
**the California Subclass)**

74.    Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

75.    Plaintiff brings this Count individually and on behalf of the Nationwide Class, or alternatively the California Subclass ("Class") against Defendant.

76.    At all times herein relevant, Defendant owed Plaintiff and Class Members a duty of care, *inter alia*, to design, develop, produce, manufacture, distribute and sell Vacuums that are safe to use as intended and free of defects. Defendant took on this obligation upon advertising and selling the Vacuums into the stream of commerce and into the hands of purchasers, including Plaintiff and Class Members.

77.    BISSELL breached its duty by producing unsafe vacuums. Defendant BISSELL knew or should have known that its Vacuums presented a significant and flammable risk to consumers. Yet, Defendant failed to properly design, manufacture, and/or test or inspect the Class Vacuums before injecting the Vacuums into the stream of commerce.

78.    Defendant's breach of duty both proximately and factually caused Plaintiff's injuries.

79.    But for Defendant's negligent production of the defective Class Vacuums, Plaintiff would not have suffered financial loss in purchasing the Vacuum.

80.    It is foreseeable that an improperly produced Vacuum, like the BISSELL Vacuums, could catch fire, thus becoming inoperable and worthless. It is also foreseeable that since the Vacuum is a domestic product, its self-immolation would result in the burning of a home, car, or another similar item.

81.    Defendant knew, or should have known, of the risks inherent in the Vacuums. Defendant was aware of numerous complaints regarding the Vacuums overheating, smoking, and even catching on fire.

CLASS ACTION COMPLAINT                                    Case No.

82.    Defendant knew or should have known, that its Vacuums were safe and effective to use during normal use.

83.    Only Defendant was in the position to ensure that its Vacuums were safe and effective.

84.    Defendant breached its duties to Plaintiff and Class Members by failing to provide a safe and effective Vacuum to use as intended.

85.    Plaintiff's and Class Members' willingness to entrust Defendant to sell them a safe and effective Vacuum was predicated on the understanding that Defendant would conduct all adequate safety and testing precautions before injecting the Vacuums into the stream of commerce. Moreover, only Defendant had the ability to inspect and test the Vacuums to ensure that they were safe and effective to use. Thus, Defendant had a special relationship with Plaintiff and Class Members.

86.    Defendant's willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

87.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Plaintiff and Class Members have suffered damages and are at imminent risk of additional harm and damages (as alleged above).

88.    To date, Defendant has not provided sufficient information to Plaintiff and Class Members regarding the extent of the Defect contained in the Vacuums.

89.    Moreover, the recall is inadequate, as described herein.

90.    Defendant's wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

91.    The damages Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

CLASS ACTION COMPLAINT                                    Case No.

## COUNT II

**UNJUST ENRICHMENT**
**(On behalf of the Nationwide Class, or alternatively,**
**the California Subclass)**

92.     Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

93.     Plaintiff brings this Count individually and on behalf of the Nationwide Class, or alternatively the California Subclass ("Class") against Defendant.

94.     By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Plaintiff and Class Members.

95.     As alleged herein, Defendant BISSELL intentionally, recklessly, and/or negligently made misleading representations and omissions about the Class Vacuums to Plaintiff and members of the Classes to induce them to purchase the Vacuums.

96.     Plaintiff and members of the Classes reasonably relied on the misleading representations and omissions alleged herein and have not received all of the benefits promised by BISSELL.

97.     Plaintiff and Class members were induced by Defendant BISSELL's misleading and false representations about the Vacuums and thus paid for the Vacuums when they would and/or should not have, and/or failed to receive benefits from BISSELL that Plaintiff and Class Members should have received.

98.     By concealing and suppressing the material information regarding the Defect, Defendant denied Plaintiff and Class Members the ability to make a rational and informed purchasing decision and took undue advantage of Plaintiff and Class Members.

99.     Defendant was unjustly enriched at the expense of Plaintiff and Class Members. Defendant received profits, benefits, and compensation, in part, at the expense of Plaintiff and Class Members. By contrast, Plaintiff and Class Members did not receive the benefit of their bargain because they paid for Vacuums that did not satisfy the purposes for which they bought/sought them.

CLASS ACTION COMPLAINT                                    Case No.

100.    Since Defendant's profits, benefits and other compensation were obtained by improper means, Defendant is not legally or equitably entitled to retain any of the benefits, compensation or profits it realized from these transactions.

101.    As a direct and proximate result of BISSELL's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by BISSELL from its deceptive, misleading, and unlawful conduct as alleged herein.

102.    Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter BISSELL from continuing its false and deceptive conduct regarding the Vacuums.

103.    Also, as alleged herein, the recall is an inadequate remedy here.

104.    Therefore, Plaintiff and Class Members seek an Order of this Court requiring Defendant to refund, disgorge, and pay as restitution any profits, benefits, or other compensation obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## COUNT III

### FRAUD
**(On Behalf of the Nationwide Class,
or alternatively, the California Subclass)**

105.    Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

106.    Plaintiff brings this Count individually and on behalf of the Nationwide Class, or alternatively the California Subclass ("Class") against Defendant.

107.    Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- **WHO**: Defendant, BISSELL, made material misrepresentations and/or omissions of fact in its labeling and marketing of the Vacuums by representing that the Vacuums are safe and effective and by failing to disclose the presence of the Defect in the Vacuums to Plaintiff and Class Members.

- **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Vacuums are safe and effective. Defendant omitted from Plaintiff and Class Members that the Vacuums contain the Defect and are therefore not safe and effective to use as intended. As alleged herein, Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and contains to represent that the Vacuums are safe and effective when they are not.

- **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Vacuums are safe and effective continuously throughout the applicable Class period(s).

- **WHERE**: Defendant's material misrepresentations and omissions, that the Vacuum is safe and effective were made on the labeling and advertising of the Vacuums to Plaintiff and all reasonable consumers. The Vacuums are sold in brick-and-mortar and online retailers nationwide, including in California.

- **HOW**: Defendant made written misrepresentations right on the labeling and advertising of the Vacuums touting the Vacuums were safe and effective even though the Vacuums contained a Defect rendering them unsafe and ineffective to use. As such, Defendant's representations and omissions alleged herein are false and misleading. Plaintiff and Class Members read and relied on Defendant's representations and material omissions before purchasing the Vacuums.

- **WHY**: Defendant misrepresented the Vacuums as being safe and effective and omitted from the Vacuums' labeling and advertising the material fact that the Vacuums contain the Defect rendering them unsafe and ineffective to use for the express purpose of inducing Plaintiff and Class Members to purchase the Vacuums at a substantial price premium. As such, Defendant profited by selling the

CLASS ACTION COMPLAINT                    Case No.

misrepresented Vacuums to at least thousands of consumers throughout the nation, including California.

108.    As alleged in detail herein, Defendant knew the misrepresentations and omissions regarding the Vacuums were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Vacuums' labeling. In reliance on these representations and omissions, Plaintiff and Class Members were induced to, and did, pay monies to purchase the Vacuums.

109.    Had Plaintiff and the Class known the truth about the Vacuums, they would not have purchased them or they would have paid less for the Vacuums.

110.    As a proximate result of the fraudulent conduct of Defendant, Plaintiff and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

## <u>COUNT IV</u>

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Subclass)**

111.    Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

112.    Plaintiff brings this Count individually and on behalf of the California Subclass ("Class") against Defendant.

113.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

CLASS ACTION COMPLAINT                                    Case No.

114.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Id.

115.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to its representations and omissions regarding the safety and effectiveness of the Vacuums alleged herein misled reasonable consumers acting reasonably.

116.    Plaintiff California Subclass Members suffered injuries in fact as a result of Defendant's actions as set forth herein because they purchased Defendant's Vacuum in reliance on Defendant's false and misleading representations and omissions regarding the Vacuums as alleged herein.

117.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Vacuums in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

118.    Defendant profited from its sale of the falsely and deceptively advertised Vacuums to unwary consumers.

119.    As a result, Plaintiff and the California Subclass are entitled to equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

120.    Plaintiff and the California Subclass were damaged because they would not have purchased (or paid a premium) for Defendant's Vacuums had they known the true facts regarding the representations and omissions made by Defendant in the labeling and advertising of the Vacuums regarding the Defect.

## COUNT V
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL")
### (On Behalf of the California Subclass)

121.    Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

CLASS ACTION COMPLAINT                          Case No.

122.    Plaintiff brings this Count individually and on behalf of the California Subclass ("Class") against Defendant.

123.    Defendant is subject to the Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

124.    Defendant violated the "unlawful" prong of the UCL by violating California's False Advertising Law ("FAL") as described in Count IV, *supra*.

125.    Defendant's conduct, described herein, violated the "unfair" prong of the UCL because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

126.    Defendant's conduct with respect to the labeling, advertising, and sale of the Vacuums was unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of the FAL.

127.    Defendant's conduct with respect to the labeling, advertising, and sale of the Vacuums was unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

128.    Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL.

129.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test. As set forth herein, Defendant's safety and effectiveness claims regarding the Vacuums were false and are likely to mislead or deceive the public.

130.    Moreover, Defendant omitted from the Vacuums' labeling and advertising the material fact that the Vacuums contained the Defect and pose a safety risk to all reasonable consumers, including Plaintiff and the Class and therefore Defendant's conduct was false and misleading and "fraudulent" under the UCL.

CLASS ACTION COMPLAINT                                    Case No.

131.    Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Vacuums to unwary consumers.

132.    Defendant's conduct caused substantial injury to Plaintiff and the other California Subclass Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct. Plaintiff and California Subclass Members were damaged because they would not have purchased (or paid a premium) for Defendant's Vacuum had they known the true facts regarding the Defect and Defendant's representations and omissions regarding the safety and effectiveness of the Vacuums.

133.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order requiring Defendant to commence a corrective advertising campaign.

134.    Plaintiff and the California Subclass also seek an order for and restitution of all monies from the sale of the Vacuums, which were unjustly acquired through acts of unlawful competition.

## COUNT VI
### VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT
### Cal. Civ. Code § 1750 et seq. ("CLRA")
### (On Behalf of the California Subclass)

135.    Plaintiff restates and realleges all preceding allegations above and hereafter as if fully set forth herein.

136.    Plaintiff brings this Count individually and on behalf of the California Subclass ("Class") against Defendant.

137.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

138.    Defendant's false and misleading labeling, advertising and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Vacuums for personal, family, or household purposes by Plaintiff and California Subclass Members, and violated and continues to violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

CLASS ACTION COMPLAINT                    Case No.

b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

139.    Defendant profited from selling the falsely, deceptively, and unlawfully advertised Vacuums to unwary consumers.

140.    On January 25, 2023, Plaintiff Pearl Tabot, on behalf of herself and all California Subclass Members sent a Consumer Legal Remedies Notice letter via certified U.S. mail pursuant to Cal. Civ. Code § 1782, to BISSELL putting it on notice of the violations of the CLRA alleged herein.

141.    If BISSELL fails to correct the violations in the time proscribed under the CLRA, Plaintiff will amend (or seek leave to amend) this Complaint and seek monetary damages under the CLRA.

142.    At this time, pursuant to California Civil Code § 1780, Plaintiff, on behalf of herself and the California Subclass Members, seek injunctive relief and any other relief that the Court deems proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, on behalf of herself and each member of the proposed Nationwide Class and the California Subclass, respectfully requests that the Court enter judgment in her favor and for the following specific relief against Defendant as follows:

1.      That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including the appointment of Plaintiff's counsel as Class Counsel;

2.      For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined except for monetary damages under the CLRA;

3.      That the Court enjoin Defendant, ordering it to cease and desist from unlawful activities;

CLASS ACTION COMPLAINT                                    Case No.

4.    For an order declaring that BISSELL's conduct violates the statutes and laws referenced herein;

5.    For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

6.    For an order awarding all damages in amounts to be determined by the Court and/or jury, except for monetary damages under the CLRA;

7.    For prejudgment interest on all amounts awarded;

8.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

9.    For an order of restitution and all other forms of equitable monetary relief;

10.    For injunctive relief as pleaded or as the Court may deem proper;

11.    For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under Fed. R. Civ. P. 23(h) and California Code of Civil Procedure section 1021.5 as well as any other applicable law; and

12.    For any other such relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually, and on behalf of the Class hereby demands a trial by jury for all issues triable by jury.

Dated: January 25, 2023                    Respectfully Submitted:


*/s/ Susan S. Brown*
Susan S. Brown (CA State Bar No. 287986)
SUSAN BROWN LEGAL SERVICES
388 Market Street, Suite 1300
San Francisco, CA 94111
Phone: (415) 712-3026
susan@susanbrownlegal.com

Kevin Laukaitis*
**LAUKAITIS LAW FIRM LLC**
737 Bainbridge Street, #155
Philadelphia, PA 19147
Phone: (215) 789-4462
E-mail: klaukaitis@laukaitislaw.com

Paul J. Doolittle*
Blake G. Abbott*
**POULIN | WILLEY |**

- 22 -

**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: pauld@akimlawfirm.com
　　　　blake@akimlawfirm.com

*Pro Hac Vice Forthcoming*


**Attorneys for Plaintiff
and the Putative Class**

CLASS ACTION COMPLAINT

Case No.

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Susan Brown, Esq. state as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at SUSAN BROWN LEGAL SERVICES counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct that this declaration was executed at San Francisco, California this 25th day of January, 2023.

*/s/ Susan S. Brown*
Susan S. Brown

- 24 -

CLASS ACTION COMPLAINT                              Case No.